## Rosenberg v. O'Malley

*Barry H. Frank*, for plaintiff.
*Joseph E. Gallagher*, for defendants.

WALSH, *J.*, June 12, 1979—This matter is before the court by way of defendants' preliminary objections to plaintiff's amended complaint. The complaint is in equity wherein plaintiff alleges that he is a shareholder of defendant professional corporation. He further alleges that after notification of a forthcoming shareholders' meeting, he executed a power of attorney and proxy in favor of his counsel to represent plaintiff's interest at said meeting. Defendants refused to allow plaintiff's attorney-in-fact to attend the meeting. Plaintiff seeks among other things, to have this meeting declared null and void by reason of the asserted refusal to permit attendance at this meeting of plaintiff's representative.

Defendants' demurrer to this complaint is based on the provisions of the Professional Corporation Law of July 9, 1970, P.L. 461, sec. 10, 15 P.S.

§2910, which states, "No shareholder of a professional corporation shall enter into a voting trust, proxy, or any other arrangement vesting another person (other than another licensed person who is a shareholder of the same corporation) with the authority to exercise the voting power of any or all of his shares, and any such purported voting trust, proxy or other arrangement shall be void."

We do not agree with defendants. The section of the Professional Corporation Law referred to by defendants only pertains specifically to voting shares to proxy. It makes no mention of attendance at said meetings. It is noted also the Business Corporation Law in regard to proxy voting, 15 P.S. §1504(a), has no such restriction on authorizing another to vote by way of proxy.

Defendants also argue that section 13 of the Professional Corporation Law, 15 P.S. §2913, which refers to confidential relationship between attorney and client may be violated by allowing one not a shareholder to attend such a meeting. We do not agree. The authorized representative of plaintiff is a member of the legal profession in the State of Pennsylvania. As such the proxy holder would be subject to the same code of professional responsibility and as dictated by Canon 4 of the Code of Professional Responsibility, would also have to preserve the confidences and secrets of his client, one of the legal shareholders of the corporation (Sheldon Rosenberg).

## ORDER

Now, June 12, 1979, the preliminary objections of defendants are overruled.